UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANTONIO JAMERSON,

      Defendant.

Case No. 18-CR-111-2-JPS

**ORDER**

**1. INTRODUCTION**

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited Apr. 24, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at*

https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited Apr. 24, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In February 2024, Defendant Antonio Jamerson ("Defendant") twice moved for the Court to reduce his sentence under Amendment 821. ECF Nos. 62, 63. He also simultaneously moved for appointment of counsel. *Id.* For the reasons stated below, the Court will deny Defendant's motions for a sentence reduction under Amendment 821 and will deny his requests for appointment of counsel as moot.

2. **BACKGROUND**

Defendant pleaded guilty to, and was formally adjudicated guilty of, armed robbery and use of a firearm in the commission of a crime of violence in violation of 18 U.S.C. §§ 2, 1951(a), and 924(c)(1)(A)(ii). ECF Nos. 20, 32. In December 2019, Defendant appeared before the Court for sentencing. ECF No. 31. For sentencing purposes, Probation calculated the applicable Guidelines as follows:

> Total Offense Level: 22
> Criminal History Category: III
> 51 to 63 months' imprisonment as to Count One (armed robbery)
> 84 months' mandatory consecutive term of imprisonment as to Count Two (use of firearm in furtherance of crime of violence)

*Id.* As noted, Count Two carried a mandatory minimum term of imprisonment of eighty-four (84) months. EF No. 33 at 1. The Court sentenced Defendant to a term of forty (40) months of imprisonment as to Count One and eighty-four (84) months as to Count Two, to operate to run consecutively, for a total term of one hundred and twenty-four (124) months' imprisonment. ECF N. 32 at 3.

Defendant is currently incarcerated at Beaumont USP with a projected release date in January 2028. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 24, 2024).

3.  LAW AND ANALYSIS

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary to U.S.S.G. §1B1.10 clarifies that a reduction "is not authorized under . . . § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision"—for example, "a statutory mandatory minimum term of

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

imprisonment." U.S.S.G. § 1B1.10 Commentary, Application Notes 1(A). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s). U.S.S.G. § 1B1.10(b)(2)(A).

Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Status Point Amendment. Nevertheless, the Court may not reduce Defendant's sentence under Amendment 821 for several reasons: first, because Defendant was subject to, and received as to Count Two, a mandatory minimum term of imprisonment, ECF No. 33 at 1; ECF No. 32 at 3; and second, because the amended guidelines range as to Count One would be 46 to 57 months' imprisonment, and the sentence that Defendant received as to Count One falls below the minimum of that amended range. Accordingly, the Court is constrained to deny Defendant's motions for sentence reduction, ECF Nos. 62 and 63, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

In any event, however, the Court would deny Defendant's motions upon consideration of the § 3553(a) factors. Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). Consideration of these factors does not support a sentence reduction in this case. Defendant wielded a semi-automatic handgun when he and his co-defendant committed the armed robbery of a

pharmacy in this case. ECF No. 29 at 4. They ordered pharmacy employees and patrons to the ground and threatened to kill them. *Id.* They pushed and dragged around several individuals at the scene, injuring one, before making off with over eleven thousand dollars' worth of Schedule II narcotics. *Id.* at 4, 9. They fled the scene in a vehicle that was later discovered to have been stolen by individuals matching Defendants' descriptions in an armed carjacking in Chicago earlier that morning. *Id.* at 4. Although Defendant was not the main instigator of the offense, *id.* at 9, he nevertheless participated in it fully and while armed. He began serving his 124-month sentence in December 2019 and has therefore served less than half of it to date. In light of these circumstances, the Court concludes that it would neither promote respect for the law nor reflect the seriousness of the offense for the Court to reduce Defendant's term of imprisonment at this time.

Accordingly,

**IT IS ORDERED** that Defendant Antonio Jamerson's motions for a sentence reduction under Amendment 821, ECF Nos. 62, 63, be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant Antonio Jamerson's requests for appointment of counsel, ECF Nos. 62, 63, be and the same are hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2024.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge